IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SANTIAGO QUINTERO, individually and as heir to PAUL QUINTERO, and as administrator of and on behalf of the estate of PAUL QUINTERO, and on behalf of all heirs of PAUL QUINTERO,

   *Plaintiff,*

vs.

CITY OF WICHITA, KANSAS; and OFFICER JAMIE L. THOMPSON, in her individual and official capacity,

   *Defendants.*

Case No. 15-1326-EFM-GEB

**MEMORANDUM AND ORDER**

Plaintiff Santiago Quintero brings several claims under 42 U.S.C. § 1983 and the Kansas Tort Claims Act against Defendant City of Wichita, Kansas ("the City") and Defendant Officer Jamie L. Thompson for the fatal shooting of his son, John Paul Quintero, on January 3, 2015. Defendants seek to dismiss all punitive damage claims against the City and all claims brought against Officer Thompson in her official capacity (Doc. 36). Defendants move for dismissal under Federal Rule of Civil Procedure 12(b)(6). Under this rule, a defendant may move for

dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[1]

Defendants assert that Plaintiff's official capacity claim against Officer Thompson is redundant and should be dismissed. A suit against a government official in his official capacity "is essentially another way of pleading an action against the county or municipality they represent."[2] "When a plaintiff names both a municipality and a municipal officer in his official capacity as defendants in an action, the suit against the officer is redundant, confusing, and unnecessary and should be dismissed."[3]

Plaintiff, however, argues that the official capacity claim asserted against Officer Thompson is not redundant to a claim against the City because she is seeking punitive damages against Officer Thompson and not seeking punitive damages against the City.[4] Plaintiff relies upon a case from the Tenth Circuit, *Youren v. Tintic School District*,[5] to support this proposition. In *Youren*, the Tenth Circuit stated that "[t]he fact that municipalities are immune from punitive damages does not, however, mean that individual officials sued in their official capacity are likewise immune."[6] This statement, however, has been criticized by the Tenth Circuit and several district courts within the Tenth Circuit. In the unpublished opinion of *Cross Continent*

---

[1] Fed. R. Civ. P. 12(b)(6).

[2] *Porro v. Barnes*, 624 F.3d 1322, 1328 (10th Cir. 2010).

[3] *Sims v. Unified Gov't of Wyandotte Cty.*, 120 F. Supp. 2d 938, 944 (D. Kan. 2000).

[4] Indeed, Plaintiff cannot pursue a punitive damages claim against the City. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270-71 (1981).

[5] 343 F.3d 1296 (10th Cir. 2003).

[6] *Id*. at 1307.

*Development, LLC v. Town of Akron, Colorado*,[7] the Tenth Circuit stated that it agreed that the *Youren* statement was "an anomalous outlier."[8]  Noting that an official capacity suit is essentially a suit against the entity, the circuit noted in the unpublished opinion that "individuals sued in their official capacity should be immune from punitive damages as well."[9]

In this case, Plaintiff's official capacity claim is duplicative of his claim against the City. In addition, Plaintiff brings an individual capacity claim against Officer Thompson and seeks punitive damages through that claim.  Thus, Plaintiff still has an avenue for punitive damages. Accordingly, the Court dismisses the official capacity claim against Officer Thompson.

Defendants also seek dismissal of any punitive damages claim asserted against the City. As noted above, Plaintiff affirmatively states that he does not allege a punitive damages claim directly against the City because he cannot.  Thus, Defendants' argument for dismissal on this point is moot.

---

[7] 548 F. App'x 524 (10th Cir. 2013).

[8] *Id*. at 531.  The circuit also noted that although it must adhere to prior panel rulings of the court absent an en banc decision overruling a prior panel decision, it noted that "courts within our own circuit [] ignore *Youren* when dismissing punitive damage claims in official–capacity § 1983 suits." *Id.* (citing *Fernandez v. Taso Mun. Sch. Bd. of Educ.*, 403 F. Supp. 2d 1040, 1043 (D.N.M. 2005).

[9] *Id.*; *see also Smith v. Stuteville*, 2014 WL 3557641 at *4, n.1 (D. Kan. July 18, 2014) (noting that individuals sued in their official capacity are immune from punitive damages because an official capacity suit is "the same" as a suit against the city and thus the official capacity claim must be construed as a duplicative claim against the city for which punitive damages are not allowed).

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss Punitive Damage Claims against City and Official Capacity Claims against Officer Thompson (Doc. 36) is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 7th day of October, 2016.

*Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE